UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| EDWARD C. HUGLER,<br>Acting Secretary of Labor,<br>United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>THE RIVER RANCH BAR & GRILLE, LLC, and<br>Ryan W. Blakeslee (an individual)<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | FILE NO.<br><br>____________________<br><br>**C O M P L A I N T**<br>**(Injunctive Relief Sought)** |

Plaintiff brings this action pursuant to § 17 of the Act, 29 U.S.C. § 217, to have Defendants enjoined from violating provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., (hereinafter "the Act") and, pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), to recover unpaid back wages, together with an equal amount as liquidated damages.

I

This Court has jurisdiction over this action pursuant to §§ 16(c) and 17 of the Act and 28 U.S.C. §§ 1331 and 1345.

II

Defendant, The River Ranch Bar & Grille, LLC at all times hereinafter mentioned, has been a corporation having a place of business and doing business in Citrus County, Florida.

Defendant, Ryan W. Blakeslee, at all times hereinafter mentioned has been an owner of The River Ranch Bar & Grille, LLC and had operational control of its employees. Defendant Ryan W. Blakeslee, doing business in Citrus County, Florida at all times hereinafter mentioned, acted directly or indirectly in the interest of the aforesaid corporation in relation to its employees and, therefore, is an employer within the meaning of § 3(d) of the Act, 29 U.S.C. § 203(d).

III

At all times hereinafter mentioned:

A. Defendant engaged in related activities performed either through unified operation or common control for a common business purpose, constitutes an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203(r); and

B. Such enterprise, employing employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce; and having an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), constitutes an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

IV

Since April 28, 2015, Defendants repeatedly violated the provisions of §§ 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay employees employed in an enterprise engaged in applicable minimum hourly rate.

V

Since April 28, 2015, Defendants repeatedly violated the provisions of §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

VI

Since April 28, 2015, Defendants, employers subject to the provisions of the Act, repeatedly violated the provisions of §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and Regulations found at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed in the aforesaid Regulations.

WHEREFORE, cause having been shown, Plaintiff prays for Judgment pursuant to § 17 of the Act, 29 U.S.C. § 217, permanently enjoining Defendants, their agents, servants, employees and all persons in active concert or participation with them from violating the provisions of §§ 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act and, pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), awarding back wages for a period 2 years prior to the commencement of this action and an additional equal amount as liquidated damages to employees (as named in Schedule "A" attached hereto and made a part hereof and such other employees as hereafter may be identified and named prior to or at trial); and for such other and further relief as may be necessary and appropriate including costs of this action.

ADDRESS:

Office of the Solicitor
U. S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA 30303

Telephone:
(404) 302-5463
(404) 302-5438 (FAX)

SOL Case No. 17-00174

NICHOLIS C. GEALE
Acting Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

ROBERT L. WALTER
Counsel

By:*/s/Jaslyn W. Johnson*
JASLYN W. JOHNSON
Attorney
atl.fedcourt@dol.gov (Primary)
johnson.jaslyn.w@dol.gov

Office of the Solicitor
U. S. Department of Labor
Attorneys for Plaintiff.